USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
RUBEN ANTIONIO ARIAS-JAVIER,   :      11-CIV-5550 (LAP)
                               :      07-CR-1186  (LAP)
                 Petitioner,   :
                               :      MEMORANDUM & ORDER ADOPTING
        v.                     :      REPORT & RECOMMENDATION
                               :
UNITED STATES OF AMERICA,      :
                               :
                 Respondent.   :
------------------------------x

LORETTA A. PRESKA, Chief United States District Judge:

Pro se petitioner, Ruben Antonio Arias-Javier

("Petitioner") filed a Petition for a Writ of Habeas Corpus,

pursuant to 28 U.S.C. § 2255, on July 26, 2011, seeking relief

from his 2008 conviction in the United States District Court for

the Southern District of New York.  (See Mot. to Vacate, Set

Aside, or Correct a Sentence, dated Jul. 26, 2011 ("Petition")

[dkt. no. 1[1]].)  On March 7, 2014, Magistrate Judge Dolinger

issued a Report and Recommendation recommending that the

Petition be denied.  (See Report & Recommendation, dated Mar. 7,

2014 [dkt. no. 16].)  On March 28, 2014 Petitioner submitted

objections to the Report.  (See Pet'r Objs. & Supp. Mem. of

Points & Authorities to the Magistrate Judge's Report, dated

Mar. 28, 2014 ("Objections") [dkt. no. 21].)  For the reasons

---

[1] Unless otherwise indicated, references to the docket in this Order are to
entries for the Civil Case Number 11 Civ. 5550.

set forth below, the Report and Recommendation is adopted and the Petition is DENIED.

## BACKGROUND

Upon a jury verdict, Petitioner was found guilty of one count of conspiracy to possess and distribute methylenedioxy methamphetamine in violation of 21 U.S.C. § 846. He was sentenced to 96 months imprisonment to be followed by three years of supervised relief. (See Judgment in a Criminal Case, dated July 2, 2009 [07 CR 1186 dkt. no. 42].) Petitioner filed a direct appeal, and the Court of Appeals affirmed the judgment on September 16, 2010. See United States v. Arias-Javier, 392 Fed. Appx. 896, 899 (2010).

Petitioner subsequently filed the instant § 2255 habeas petition asserting three claims. He first argues that the Court should have suppressed the testimony of cooperating co-defendant Rony Ortiz because the Government violated the anti-bribery statute at 18 U.S.C. § 201(c) when it offered Ortiz a more lenient sentence in exchange for his testimony. (Petition at 8-13.) Second, Petitioner repeats the argument he raised on direct appeal, claiming that he was denied a fundamentally fair trial because the prosecutor stated to the jury in his closing argument that Ortiz "told you the truth." (Id. at 16; see also id. at 14-17.) Finally, Petitioner claims that he was denied "actual or constructive" effective assistance of trial counsel

2

on several different issues. (Id. at 18.) The Court
understands him to complain that his attorney either did not
disclose a plea offer (id. at 20) or did not seek a plea
agreement from the Government. (Id. at 22.) Also in this vein,
he claims that his attorney did not adequately warn him of the
risks of going to trial, (id. at 20-21), and he complains that
counsel "fail[ed] to conduct pretrial discovery" and failed to
"advise defendant concerning . . . sentencing." (Id. at 21.)

     After the Petition was fully briefed, Magistrate Judge
Dolinger requested declarations from both the Government and
Petitioner's Defense Counsel, Toni Messina Esq., to clarify
whether counsel ever discussed a plea bargain among themselves
or with Petitioner. (See Order, dated Dec. 27, 2013 [dkt. no.
15].) In response, Assistant United States Attorney Michael M.
Rosensaft filed a declaration stating that other than a Pimental
letter, he was not aware of any plea offers made to defense
counsel at any time nor does he remember having discussions with
defense counsel about a plea offer. (See Decl. of Michael M.
Rosensaft, dated Jan. 6, 2013 ("Rosensaft Declaration") [07 Cr.
1186 dkt. no. 54].) Toni Messina, Petitioner's former defense
counsel, also submitted a declaration recalling that Petitioner
did not want to meet with the prosecutor to discuss his role in
the offense. (See Affirmation of Toni Messina, dated Jan. 8,
2014 ("Messina Affirmation").) Petitioner then submitted a

response to the declarations in which he called their
affirmations conclusory, but he provided no contradictory
evidence. (See Pet'r Resp. to Decl. of Michael M. Rosensaft and
Affirmation of Toni Messina, dated Mar. 5, 2014 [dkt. no. 17]
("Pet'r Resp.").)

On March 7, 2014, Magistrate Judge Dolinger issued a Report
and Recommendation in which he recommended that the Court reject
all of Petitioner's claims on the merits and noted that the
first and second claims are also procedurally barred.
Petitioner subsequently filed objections to the Report's
conclusions regarding his first and third claims.  Petitioner
concedes, however, that his second claim, which formed the basis
of his direct appeal, cannot be re-litigated by collateral
attack.  (Objections at 5.)  In objecting to the Report and
Recommendation's analysis that his first claim was procedurally
defaulted when Petitioner failed to raise it in his direct
appeal, Petitioner argues that this failure to raise the claim
was due to ineffective assistance of appellate counsel.  (Id. at
3-5.)  As an objection to the analysis of his third claim,
Petitioner clarifies his ineffective assistance of trial counsel
claim by briefly stating that his counsel failed to explain what
a conspiracy charge is and what the prosecution must prove to
support a guilty verdict for such an offense.  (Id. at 6, 8.)
He also complains that counsel did not fully explain to him the

4

"'pros and cons' of the criminal procedures and the
constitutional requirements that a criminal defendant retains in
a trial versus guilty plea proceedings . . . ."  (Id. at 8.)
Additionally, he reiterates that his counsel was deficient for
failing to inform him of a plea offer made by the Government and
argues this Court should not give due weight to the Rosensaft
Declaration or Messina Affirmation.  (Id. at 8-10.)

### APPLICABLE LAW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may
accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge."  The Court must
review, de novo, the portions of the Report and Recommendation
to which Petitioner has objected.  See FED. R. CIV. P. 72(b).
However, "[w]hen a party makes conclusory or general objections,
or simply reiterates the original arguments, the Court will
review the report only for clear error."  Chebere v. Phillips,
No. 04 Civ. 296, 2013 WL 5273796, at *3 (S.D.N.Y. Sept. 18,
2013).

Under 28 U.S.C. § 2255 a prisoner in custody may make a
motion to vacate, set aside, or correct the sentence on the
grounds that it "was imposed in violation of the Constitution or
laws of the United States, or that the court was without
jurisdiction to impose such sentence, or that the sentence was
in excess of the maximum authorized by law, or is otherwise

subject to collateral attack . . . ."  Upon a § 2255 motion, the court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  Id.  The district court has the discretion to determine whether a hearing is warranted.  See Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001).  The Court has a number of materials at its disposal such as "the trial record, letters, documents, exhibits, affidavits and written interrogatories" and may expand the record before deciding whether a hearing is also required.  Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003).

Generally, claims litigated on direct appeal and decided adversely to the defendant cannot be relitigated by collateral attack.  Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980).  However, reconsideration is permitted "when there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal."  Id.  In addition, generally "claims not raised on direct appeal may not be raised on collateral review unless petitioner shows cause and prejudice."  Massaro v. United States, 538 U.S. 500, 504 (2003).  Ineffective assistance of counsel claims fall into an exception to this principle and thus may be raised by collateral attack in

a § 2255 proceeding, even if Petitioner could have but did not raise them on direct appeal. See id. at 504, 509.

The burden of proof rests on Petitioner to show he is entitled to relief by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000). To be granted relief under § 2255 on the grounds that his counsel was ineffective, Petitioner must demonstrate that his counsel was objectively deficient and that he was prejudiced by this deficiency. Strickland v. Washington, 466 U.S. 668, 690-92 (1984). However, the Court is mindful that Petitioner filed his motions pro se, and thus the Court has liberally construed his submissions, reading them to set forth the strongest claims they suggest. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012).

## ANALYSIS

### I. Claim 1: The Plea Deal for Rony Ortiz

Petitioner's first claim, that the testimony of cooperating witness Rony Ortiz should have been suppressed because it was purportedly in violation of the anti-bribery statute at 18 U.S.C. § 201(c), was correctly rejected by Judge Dolinger. The Report and Recommendation, citing Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012), concluded that this claim was barred from collateral attack because Arias failed to raise the bribery argument on appeal. (Report and Recommendation at 4.)

In his Objections, Petitioner for the first time argues that his failure to raise this claim on appeal was due to ineffective assistance of appellate counsel.  (Objections at 3-5.)  Petitioner correctly cites Massaro for the proposition that an ineffective assistance of counsel claim is not procedurally defaulted in a § 2255 claim.  However, to succeed on this claim, Petitioner must still meet the Strickland standard by showing that his counselor's alleged deficiency was not supported by a reasonable strategy and that the error was prejudicial.  See Massaro, 538 U.S. at 503, 509; Strickland, 466 U.S. at 691-92.

Under this standard, Petitioner has not shown any deficiency on the part of his appellate counsel.  The Report and Recommendation correctly concluded that Petitioner's challenge as to the Government's plea deal with Ortiz under § 201(c)(2) was meritless.  The plea agreement between the Government and Ortiz was a standard cooperation agreement, and this Circuit and all other Circuits to consider the question have ruled that § 201(c)(2) does not apply to cooperation agreements between the Government and potential witnesses.  See, e.g., United States v. Stephenson, 183 F.3d 110, 118 (2d Cir. 1999); United States v. Smith, 196 F.3d 1034, 1038-40 (9th Cir. 1999) (citing cases). As such, Petitioner's appellate counsel was entirely reasonable in declining to raise this well-settled issue on appeal.

Petitioner's claim fails also on the prejudice prong of the Strickland test.  To prove prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 691-93.  Because the claim is plainly meritless and would have been rejected on appeal, the outcome of Petitioner's case would not have been different had his appellate counsel raised this claim.  As Petitioner's counsel was not ineffective and the claim is plainly meritless, it cannot form the basis of § 2255 relief.

## II. Claim 2: The Summation Claim

Petitioner's second claim, that the prosecutor made improper statements during summation thus denying him a fundamentally fair trial, is procedurally defaulted because it was already rejected on direct appeal.  See Arias-Javier, 392 Fed. App'x 896.  The mandate rule prevents a claim that was raised on direct appeal from being re-litigated by collateral attack in the district court.  See, e.g., Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010); Chin, 622 F.2d at 1092. Petitioner asserts no change in the law since his direct appeal, and he does not contest the Report and Recommendation's conclusion that this claim is procedurally barred.  (See Objections at 5.)  Thus, this claim cannot serve as the basis for a § 2255 relief.

### III. Claim 3: Ineffective Assistance of Counsel

Petitioner's final claim, that he was denied effective assistance of trial counsel, was also correctly rejected by Judge Dolinger.  Petitioner objects to this finding and makes several assertions seeking to establish his counsel's ineffectiveness.  He further urges the Court not to dismiss his claim without an evidentiary hearing.  (See Objections at 9-10.) However, though the language of § 2255 requires the district court to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, the district court may expand the record without conducting a full-blown testimonial hearing.  See Chang, 250 F.3d at 86.  Judge Dolinger has already done so by requesting affidavits from Assistant United States Attorney Rosensaft and Petitioner's defense counsel Toni Messina on the topic of plea negotiations.  This "middle road" approach allows the Court to clarify the factual issues surrounding Petitioner's claim that his counsel was defective in the plea bargaining process while still avoiding "the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government . . . ."  Id.

Turning to the substance of this claim, Petitioner primarily argues that trial counsel was ineffective during the plea bargaining process.  Petitioner's Sixth Amendment right

extends to the critical pretrial stages of a criminal
proceeding, and he is accordingly entitled to effective
assistance of competent counsel during the plea bargaining
process.  See Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012).
In order to succeed on this claim, however, Petitioner must
still establish that his attorney's conduct fell below an
objective standard of reasonableness and that this conduct
resulted in prejudice.  Strickland, 466 U.S. at 692-94.

        The Report and Recommendation concluded that Petitioner had
not met this burden, but Petitioner objected to this conclusion
and clarified his claim.  In his Objections, Petitioner again
asserts that his counsel failed to discuss a plea deal from the
Government with him.  (See Objections at 6-9.)  Additionally, he
specifies that his claim of ineffective assistance of counsel
also involves trial counsel's failure to inform him of the
strategic benefits of a plea agreement, the elements of a
conspiracy charge, and what the Government would have to prove
at trial.  (Id. at 6, 8.)

        The core of Petitioner's claim centers around his counsel's
alleged failure to inform him of a plea deal from the
Government.  However, both the Assistant U.S. Attorney who tried
the case and Petitioner's counsel submitted affidavits stating
that to the best of their recollection, the Pimental letter was
the only communication concerning a possible plea that the

Government made to defense counsel. (See Rosensaft Declaration at 2; Messina Affidavit at 1-2.) Petitioner's counsel discussed the Pimental letter with Petitioner, which was the only plea-related communication for her to transmit. (See Messina Affidavit at 5.) Thus, Petitioner's counsel could not have been objectively unreasonable in failing to communicate a non-existent offer, nor could Petitioner have been prejudiced by her actions. See Strickland, 466 U.S. at 692-94.

Even if the Court construed Petitioner's submissions as complaining that his counsel failed to pursue an offer, his claim would still fail. Petitioner certainly had a right to competent counsel during the plea bargaining process, Lafler, 132 S. Ct. at 1384, but that right does not guarantee "counsel who recommends that a plea bargain be pursued." Brown v. Doe, 2 F.3d 1236, 1246 (2d Cir. 1993). In any event, a criminal defendant has "no constitutional right to a plea bargain." Weatherford v. Bursey, 429 U.S. 545, 560-61 (1977). Moreover, the record before the Court indicates that any failure to pursue a plea deal stemmed from Petitioner's own informed choices. In her affidavit, Petitioner's trial counsel stated that she discussed the possibility of a "safety-valve" with Petitioner. (Messina Affidavit at 1.) Yet it is her recollection that Petitioner "did not want to meet with the prosecutor to discuss

his role in the offense," which would have hindered his ability to obtain a favorable plea bargain. (Id. at 2.)

Additionally, the record undermines Petitioner's remaining conclusory assertions that his attorney failed to explain the elements of a conspiracy, what the Government had to prove at trial, and the benefits of a plea bargain. Both Messina and Rosensaft indicate that the Government provided a Pimental letter to defense counsel, which defense counsel discussed in full with Petitioner. (See Id. at 2; Rosensaft Declaration at 2.) Defense counsel further emphasized that it is her "practice to have a full discussion about the advantages and disadvantages of taking a plea in advance of trial so that a defendant can weigh his options," and her notes reflect the words "good case," meaning there would be arguable issues if Petitioner's case proceeded to trial. (Messina Affidavit at 2.) Further, Petitioner was not a United States citizen, and thus pleading guilty to the charge, an aggravated felony, would have made him automatically deportable. (Id.) Finally, Rony Ortiz was a last minute addition to the Government's case, and his testimony negatively impacted the likelihood of the jury reaching a non-guilty verdict. (Id. at 3.)

Although Petitioner urges the Court to consider his untimely response to the Messina Affirmation and Rosensaft Declaration, that document merely repeats the legal arguments

Petitioner raises in his Objections.  (See Objections at 9-10; Pet'r Response.)  He does not, however, offer any separate evidence or affirmation to contradict the facts set out in the attorneys' declarations, and he provides no evidence to support his conclusory assertions that his defense counsel did not explain the elements of a conspiracy charge, what the Government would have to prove at trial, or the benefits of a plea to him.

In light of Petitioner's citizenship status, Messina's notes that this was a "good case," and the last minute pretrial development of Rony Ortiz's testimony, as well as Messina's affirmation that she discussed the various risks of going to trial with Petitioner, defense counsel's actions strike the Court as entirely reasonable, and Petitioner has not demonstrated that his counsel's representation fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 689-91.  Given the legitimate strategic reasons why counsel may have decided to proceed to trial instead of pursuing a plea deal and the deferential nature with which the Court must scrutinize counsel's performance to eliminate the distorting effects of hindsight, defense counsel's representation of Petitioner was not objectively unreasonable.  Id.  Thus, because Petitioner has failed to meet the first prong of the Strickland test, his ineffective assistance of counsel claim fails.  Id. at 691-92.

**CONCLUSION**

Having found Magistrate Judge Dolinger's Report and Recommendation to be correct and appropriate upon de novo review, see FED. R. CIV. P. 72(b), and Petitioner's objections to be without merit, the Report and Recommendation [dkt. no. 16] is hereby ADOPTED.  Accordingly, Petitioner's request to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [dkt. no. 1] is DENIED, and the Clerk of Court shall mark this action closed and all pending motions – including dkt. no. 52 in 07 CR 1186, which is a motion for summary judgment on the instant petition - denied as moot.

SO ORDERED.

Dated:     New York, New York
           July 29, 2015

                                    _Loretta A. Preska_
                                    LORETTA A. PRESKA
                                    Chief United States District Judge